UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA

    v.                                                  Case No. 20-CR-285 (TJM)

DANIEL PORRAZZO

                            Defendant.

**SENTENCING MEMORANDUM ON BEHALF OF DANIEL PORRAZZO**

 

**E. STEWART JONES
HACKER MURPHY, LLP**
James C. Knox, Esq.
*Attorneys for Defendant Daniel Porrazzo*
Bar Roll No. 517109
28 Second Street
Troy, NY  12181
(518) 274-5820

**I.      INTRODUCTION**

Daniel Porrazzo, age 52, stands before this Court convicted of two counts of Possession of Child Pornography.  Following his acceptance of responsibility through his plea and presentence investigation interview, Mr. Porrazzo faces a guideline sentencing range of 210 to 262 months; however, there is no mandatory minimum arising out of his convictions, he has no criminal history points, and his consequent Criminal History Category is I.

**II.     FORMULATING A FAIR SENTENCE**

It is now black letter law that the guidelines are advisory and are simply one consideration among many sentencing factors and that 18 U.S.C. §3553(a) provides the framework and the criteria which the Sentencing Judge must consider.  At the end of the analysis the punishment must be just and fair and must meet the fundamental dictate for federal sentencing that the sentencing process shall result in: "a sentence sufficient but not greater than necessary" to achieve the goals of a fair, proportionate, balanced and just sentence.

The following criteria are provided by §3553(a):

- the nature and circumstances of the offense, and history and characteristics of the defendant;
- the need for the sentence imposed-
    (A) to reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense;
    (B) to avoid adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant;
    (D) to provide the defendant education, training, medical care or treatment
- the kinds of sentences available;
- the sentencing guidelines;
- any pertinent policy statements in the guidelines;
- the need to avoid sentencing disparity;
- the need to provide restitution.  *See* 18 U.S.C. §3553(a).

The defendant adopts the facts set forth in the Presentence Investigation Report ("PSR") and the guideline and criminal history category calculations set forth therein. As set forth below, defendant contends that this Court should depart well below the resultant applicable guidelines.

### III. DEFENDANT SHOULD RECEIVE A SENTENCE SIGNIFICANTLY BELOW THE SUGGESTED GUIDELINE RANGE.

It must first be recognized that Mr. Porrazzo was arrested on October 2, 2020 and has been detained since that time. However, this case and all related allegations arise out of evidence seized as a result of the execution of a search warrant on his residence on June 2, 2016 – more than four years prior to his arrest. During the years of 2016 through 2020, the government took no action to intercede into the actions of life of Mr. Porrazzo. He lived at home, with his family, and completely subject to his own volition, even though the nature and conduct of his criminal activity was well known to law enforcement, yet he committed no new offense nor any new illegal act.

Here, the government obtained a search warrant and made evidentiary seizures from the defendant because the government had learned the defendant possessed child pornography. Instead of immediately taking the defendant into custody out of a concern for the public, the government allowed the defendant to remain at large and at liberty for over four years. Most importantly, during that four-year period, there is absolutely no evidence that Mr. Porrazzo did anything to violate the trust which the government implicitly placed in him. For example, there is no allegation and no evidence of any criminal wrongdoing by the defendant arising out of those four years following the search of his residence in 2016. There is no allegation or any evidence that, despite being at liberty for over four years and with the government in possession of strong evidence against him, that the defendant ever even thought to flee the jurisdiction of the court or

3

to otherwise avoid facing responsibility for his actions.

Instead, what Mr. Porrazzo demonstrated during the years of 2016 through October 2020 was that, without supervision, without court intervention, and without any outside influence, he was able to and did lead a law-abiding life, and committed no new offense, and especially no offense of the nature and character which led to his conviction in this case.

Every sentencing presents the Court with a question: what should be done with a person who has been convicted of an offence to insure just punishment, deterrence, and rehabilitation. A necessary and separate part of calculating those interests is protection of the public from the potential actions of the defendant. Therefore, as this Court considers the appropriate sentence in this case, and the grievously severe Guideline Range to which the defendant is subject, Mr. Porrazzo respectfully requests that the Court keep in mind that the conduct which he is being punished for is something that happened no more recently than 5 ½ years ago, and during that time he was – at the government's election – at liberty, at home, and with his family. The government's inaction tacitly recognized, and has now demonstrated, that punishment for Mr. Porrazzo is not what is necessary to protect the public. He himself ceased all illegal activity while at liberty after the search of his residence, for over 4 full years. Mr. Porrazzo has therefore already shown that he can be trusted to be at liberty in society, that no further harm will come from him, by showing that he has not violated the law since, at the latest June of 2016.

One central issue of this case is a particular video taken by Mr. Porrazzo in April 2016 referenced in paragraph 29 (a) of the Presentence Investigation Report. (Dkt. 29). Mr. Porrazzo has taken full responsibility for that video as child pornography. The Court should know that this was a difficult admission for Mr. Porrazzo, although one he ultimately made freely and voluntarily,

4

because he still has the love and support of his entire family. Whether or not the Court is able to view the video prior to sentencing, it is important to understand that, were the facts slightly different, this video would not have been criminal. That it was is something which Mr. Porrazzo has admitted and acknowledged.

While it is not the only piece of child pornography possessed by Mr. Porrazzo, it has taken on an outsized importance in its impact on the Guideline Calculation, effectively resulting in the aggregate addition of 3 points, thereby increasing his exposure from the range typical of a child pornography case of 151 to 188 months up to 210 to 262 months – a difference of approximately 5 to 6 years in potential sentencing exposure. At the same time, as a result of the plea bargain in this case and the convictions it has produced, Mr. Porrazzo's convictions do not carry with them any mandatory minimum. From the defense's perspective, in terms of the gravity of the harm caused by the defendant, it is respectfully suggested that the calculated guideline range far overshoots the sentence appropriate for this defendant and his particular conduct, especially in consideration of the other issues discussed in this motion.

Mr. Porrazzo is very important to his friends and family, as the simultaneously-filed letters of support indicate. As the Court is well aware, letters from a defendant's friends and family are common to most, if not all, sentencing proceedings. But in this case, the letters are remarkable. The authors of these letters are all aware of Mr. Porrazzo's conviction and the details of the case, yet their support is unwavering. Their universal testament to his devotion to his family, including his daughter, and his aptitude and loyalty as a parent – as demonstrated to some of these authors by his interactions with their own children – show that Mr. Porrazzo has never been defined solely by the actions that led to his conviction.

It may well be that the man who committed the offenses in this case ceased to exist as long ago as 2016, and that Mr. Porrazzo has, since then, demonstrated a consistency and quality over the next four years that showed his friends and family the man he truly is. It may also be that the acts that led to his conviction were an aberration and never were a part of his true character. It is probable that both of these possibilities are true at the same time.

Mr. Porrazzo is not a healthy man. He is living behind bars, during COVID, after having endured a heart attack in 2019 and while suffering from obesity and high cholesterol. He is on numerous (approximately 10) medications at the Albany County Jail, including medications for his cardiac and mental health. Mr. Porrazzo has been diagnosed with PTSD as a result of himself having been a child victim of physical and sexual abuse, detailed more thoroughly by him in his interview with U.S. Probation in preparation of the Presentence Investigation Report. The details of that abuse will not be repeated here. However, it is noteworthy that Mr. Porrazzo first began mental health treatment in early 2016, and it further appears that this treatment did not begin until after his criminal behavior had for the most part concluded, although it did begin before any search warrant was executed. It is certainly the case that Mr. Porrazzo pursued mental health treatment as a result of his own voluntary decision, without any order or directive from some outside entity.

Furthermore, the dates of video and chat evidence related by the PSR all reflect that defendant's criminal activity was apparently centered around the years of 2013 through early 2015 – at the latest. In short, the prosecution of this defendant has concerned conduct which, while certainly wrong and deserving of punishment and accountability, had long since ceased by the time this case even began. Accordingly, defendant respectfully requests a minimally incarcerative sentence representing a significant downward variance from the guideline range.

6

**IV.     CONCLUSION**

Mr. Porrazzo has served well over a year already in this case. Not a young man, he was fortunate to survive despite being incarcerated through the majority of the duration of the global COVID-19 pandemic while labored with several pre-existing conditions, while separated from friends, family and loved ones. While his criminal conduct is serious, it is remote in time, and he enjoys the frank community support of his girlfriend, daughter, and numerous others. For all the above reasons, Mr. Porrazzo respectfully urges the Court to sentence him to a minimal period of incarceration.

DATED:  December 28, 2021                Respectfully submitted,

                                         E. STEWART JONES HACKER MURPHY, LLP


                                         /s/ James C. Knox
                                         JAMES C. KNOX, ESQ.
                                         Bar Roll No. 517109
                                         *Attorney for Defendant Daniel Porrazzo*
                                         28 Second Street
                                         Troy, New York 12180
                                         (518) 247-5820