IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Criminal No.   1:20-CR-285 (TJM) |
| ) | |
| **v.** ) | **GOVERNMENT'S SENTENCING** |
| ) | **MEMORANDUM** |
| **DANIEL PORRAZZO a/k/a** ) | |
| **"lickndipinu,"** ) | |
| ) | |
| **Defendant.** ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum respectfully requesting that the Court sentence the defendant to a term of imprisonment in the range of 210 to 262 months to be followed by a lifetime term of supervised release, as recommended by the United States Sentencing Guidelines. The government respectfully submits that this sentence is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in 18 U.S.C. § 3553 where the defendant maintained a large collection of child pornography and created a disturbing video of two nude children in his care.

## INTRODUCTION AND FACTUAL BACKGROUND

On June 23, 2021, pursuant to a written plea agreement (the "Plea Agreement"), the defendant pled guilty to both counts of a September 30, 2020 indictment charging him with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). *See* Dkt. ## 1, 23.

The government adopts the facts as set forth in the Final Presentence Investigation Report (Dkt. # 35) (the "PSIR") prepared by the United States Probation Office and filed on December 1, 2021, which in turn relied upon the Plea Agreement, law enforcement reports, and other materials. *See* PSIR ¶¶ 3, 8-35.

1

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.    Statutory Maximum Sentences**

The defendant's convictions on Counts 1 and 2 subject him to a statutory maximum term of imprisonment of 20 years per count.  18 U.S.C. § 2252A(b)(2).  The defendant also must serve a post-imprisonment term of supervised release to last between 5 years and life.  See 18 U.S.C. § 3583(k).  Each count also carries a maximum fine of $250,000.  See 18 U.S.C. § 3571(b).

**2.    Guidelines Provisions**

    **a.  Offense Level**

The government agrees with the Guidelines computation set forth in the PSIR and moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b).  Under the Guidelines, the total offense level is 37.  PSIR ¶ 74.

    **b.  Criminal History Category**

The government agrees with the Probation Office's determination that the defendant's criminal history category is I.  PSIR ¶ 83.

    **c.  Guidelines Range and Sentence**

Based on a combined offense level of 37 and criminal history category of I, the Guidelines advise that the defendant should receive a term of imprisonment to last between 210 and 262 months.  PSIR ¶ 114.  Furthermore, the Guidelines recommend that the defendant should receive a lifetime term of supervised release.  PSIR ¶ 118.  A sentence of probation is not available here.  See PSIR ¶ 121; 18 U.S.C. § 3561(a)(2).[1]

---

[1] The defendant consented to an order of restitution.  Plea Agreement ¶ 1(c).  While the fine range here is $40,000 to $400,000—PSIR ¶ 124—the government does not request the imposition of a fine based on the PSIR's conclusion that "it appears [the defendant] does not have the ability to pay a fine," PSIR ¶ 112; see U.S.S.G. § 5E1.2(a) (fine may be waived where "defendant establishes that he is unable to pay and is not likely to become able to pay any fine").

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of imprisonment in the range of 210 to 262 months to be followed by a lifetime term of supervised release. A Guidelines sentence is sufficient, but not greater than necessary, to comply with the sentencing factors in 18 U.S.C. § 3553(a). Although the Guidelines are no longer mandatory, the Second Circuit has instructed district courts to consider them "faithfully" when sentencing. *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir. 2005). "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)); *see, e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (explaining that the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-Guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita*, 551 U.S. at 354. To be sure, this Court "must conduct its own independent review of the [18 U.S.C.] § 3553(a) sentencing factors." *United States v. Dorvee*, 616 F.3d 174, 182 (2d Cir. 2010).

The government's requested sentence adequately reflects the statutory factors to be considered under 18 U.S.C. § 3553(a) in imposing a sentence. The defendant's crimes and relevant conduct are serious and extremely troubling.

*First*, the defendant maintained a large collection of child pornography. At the time law enforcement searched his home and computers, the defendant had approximately 2,682 still images and 43 videos of child pornography. *See, e.g.*, PSIR ¶¶ 27-28. These files capture degrading and

3

horrific sexual abuse of children. *See, e.g.*, PSIR ¶¶ 27(a) ("video showing a nude female, child approximately 5 to 7 years old, performing oral sex on an adult's penis" where the adult "grabs the back of the child's head while he is standing and forces his penis into her mouth" and then "moves her head up and down on his penis"), 28 (image "depict[ing] what appears to be a young adolescent female, nude other than high heels, pictured from the side, squatting, and holding the penis of a large dog"), 30(b) ("image of a female infant being penetrated vaginally by an adult's penis").

*Second*, beyond collecting child pornography, the defendant secretly created a disturbing video of two young children placed in his care. *See* PSIR ¶ 29(a); Plea Agreement ¶¶ 5(c)(3), 6(c) (as to Count 2). In this video, the defendant says "Sexy" while the two nude children are pillow fighting. The defendant then centers his camera one child's pubic area. *Id.* Simply put, this misconduct—the exploitation of children in the real world—sets this defendant apart from many other collectors of child pornography. A significant term of imprisonment followed by a lengthy term of supervised release will help ensure that the defendant has the opportunity to be rehabilitated and never gets the chance to exploit another child.[2]

A Guidelines sentence will reflect the seriousness of the defendant's offenses, promote respect for the law, and provide just punishment. It will protect the public from future crimes of this defendant. Finally, it will serve as a strong general deterrent to would-be collectors of child pornography.[3]

---

[2] The defendant also appears to have sent a photograph of one of the children's panties to another man during an online conversation about pedophilia. *See* PSIR at 11.

[3] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable Guidelines range on a ground not previously identified by the parties or in the PSIR, the parties are entitled to notice and an opportunity to respond. Fed R. Crim. P. 32(i)(1)(c), (h).

\*   \*   \*

For the foregoing reasons, the government respectfully requests that the Court sentence the defendant to a sentence within the applicable Guidelines ranges.

Dated: December 30, 2021

Respectfully submitted,

CARLA B. FREEDMAN
United States Attorney

By:  */s/ Joshua R. Rosenthal*
Joshua R. Rosenthal
Assistant United States Attorney
Bar Roll No. 700730

---

Further, the government respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the Probation Office.

## Certificate of Service

I certify that on December 30, 2021, I electronically filed the foregoing sentencing memorandum with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to James C. Knox, Esq., attorney for the defendant.

By:     */s/ Joshua R. Rosenthal*
                 Joshua R. Rosenthal
                 Assistant United States Attorney