IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. | 1:20-CR-285 (TJM) |
| | ) | | |
| | ) | Civil No. | 1:23-CV-354 (TJM) |
| **v.** | ) | | |
| | ) | | |
| | ) | | |
| **DANIEL PORRAZZO a/k/a** | ) | | |
| **"lickndipinu,"** | ) | | |
| | ) | | |
| **Defendant/Petitioner.** | ) | | |

**GOVERNMENT'S SUR-REPLY TO
<u>DANIEL PORRAZZO'S NOVEMBER 6, 2023 FILING</u>**

# **TABLE OF CONTENTS**

Argument ................................................................................................................................ 1

    I.    Porrazzo's New Arguments Attacking His Sentence Are Without Merit .......................... 1

        A.    Porrazzo's New Legal Claims About His Sentencing Should Be Rejected ................... 1

        B.    Porrazzo's New Factual Claims About His Counsel Are Not Credible ........................ 5

    II.    The Demand for Admonishment Is Frivolous ..................................................................... 7

Conclusion .............................................................................................................................. 9

Pursuant to the Court's November 16, 2023 text order (Dkt. # 83), the government respectfully submits this sur-reply to defendant/petitioner Daniel Porrazzo's November 6, 2023 filing styled as a reply (Dkt. # 81) (the "Reply").[1]

## ARGUMENT

**I.  PORRAZZO'S NEW ARGUMENTS ATTACKING HIS SENTENCE ARE WITHOUT MERIT**

Liberally construed, Porrazzo's Reply raises four new legal arguments stemming from purported defects in his sentencing hearing and several new factual allegations related to his trial and appellate attorneys' respective performances.  Each of these meritless claims is addressed below.

**A.  Porrazzo's New Legal Claims About His Sentencing Should Be Rejected**

Realizing that he knowingly and voluntarily waived any claim of sentencing error in his Plea Agreement, *see* Opposition at 23-25 (explaining waiver), Porrazzo's Reply tries to bootstrap new theories of relief onto his earlier baseless suggestion that this Court "appear[ed] to have crafted [Porrazzo's] sentence for a different defendant," Dkt. # 59 at 32-35.  Porrazzo tries to revive his cherry-picked misreading of the Court's statements at sentencing by asserting that:  (1) his plea agreement's waiver of appeal and collateral attack provision is unenforceable because he is seeking to rectify a miscarriage of justice committed by this Court; (2) his trial counsel, James C. Knox, Esq., was ineffective for failing to correct the Court's alleged errors at sentencing; (3) his appellate counsel, Jamesa J. Drake, Esq., was ineffective for not raising such claims of sentencing error on appeal; and (4) the government breached the plea agreement and engaged in

---

[1] All docket citations in this brief are to Porrazzo's criminal case, No. 1:20-CR-285 (TJM).  All page numbers for docket entries refer to the page number assigned by ECF.  All capitalized terms that are not defined herein have the meanings given to them in the government's July 11, 2023 opposition to Porrazzo's various motions (Dkt. # 73) (the "Opposition").

1

prosecutorial misconduct by not correcting the Court's supposed errors at sentencing.  *See* Reply at 19-26.  Porrazzo is wrong on all scores.

Porrazzo's misreading of this Court's comments at sentencing are unpersuasive.  As the government explained in its Opposition, the Court's detailed description of the specific circumstances of Porrazzo's background and case leaves no question that the Court did indeed carefully craft its sentence for Porrazzo specifically.  *See* Opposition at 26.  Porrazzo's fallacious parsing of the Court's choice of language in the initial part of its sentencing discussion does not change this conclusion.  For example, Porrazzo seizes on the Court's use of the term "interacted" to suggest that the Court believed that he committed hands on abuse of numerous children, not just the two children in the Video.  *See* Reply at 19-20.  But interact means to "act in such a way as to have an effect on another."  New Oxford American Dictionary (3d ed. 2015).  Here, there should be no dispute that Porrazzo's possession of a large child pornography collection harmed—*i.e.*, "had an effect on"—many child victims.  *See, e.g.*, *United States v. Pattee*, 820 F.3d 496, 502 (2d Cir. 2016) (citing with approval district court's sentencing observation that "the photographed children are 'victimized every time somebody looks at [child pornography] photos.'"); *cf. United States v. Muzio*, 966 F.3d 61, 65-66 (2d Cir. 2020) (declining to hold "that non-contact production of child pornography is categorically less harmful than sexual abuse involving physical contact" and observing that "some offenses that do not involve physical contact may nonetheless inflict very real and even more severe harm on victims").  Simply put, there was no miscarriage of justice.  There were no errors for trial counsel or the government to correct at sentencing, nor was there any non-frivolous issue concerning sentencing that Porrazzo's appellate counsel could have

pressed on appeal.[2]  And, even so, to the extent that the Court believes there is any ambiguity in its statements at sentencing, it can clarify its statements without the need for vacating Porrazzo's sentence.  *See, e.g.*, *United States v. Moloney*, 945 F. Supp. 46, 49-50 (W.D.N.Y. 1996) (no new sentencing hearing required where district court is merely clarifying prior statements).

Porrazzo's aspersions about the government's conduct fail because, as described above and in the Opposition, the Court did not commit any of the sentencing errors of which he now complains.  But three points should be added.  First, there is no provision in the Plea Agreement that requires the government to correct an arguable and slight ambiguity where the Court's statements as a whole clearly indicate that the Court meticulously considered its sentencing decision and included a detailed discussion of Porrazzo's background and conduct.  Indeed, the provision that Porrazzo invokes merely sets forth an acknowledgement by Porrazzo that he understood that the Court "may" base its sentencing decision on facts found by the Court using a preponderance standard; it does not impose the obligations on the government that Porrazzo now attempts to write into it.  Plea Agreement ¶ E(e).[3]  Second, even if the government somehow committed a technical breach of the Plea Agreement (and it did not), such a breach would not

---

[2] As the government pointed out in the Opposition, a defendant may not use his right to effective assistance of counsel at sentencing to "do an end-run around" a plea agreement's waiver of appeal and collateral attack provision.  *United States v. Williams*, 448 F. App'x 156, 157 (2d Cir. 2012); *see, e.g.*, *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) (per curiam) (rejecting movant's "effort to dress up his claim as a violation of the Sixth Amendment" because he "in reality [was] challenging the correctness of his sentence under the Sentencing Guidelines," which was "barred by the plain language of the waiver contained in his plea agreement . . . ."); *United States v. Marte*, 798 F. Supp. 2d 511, 515 (S.D.N.Y. 2011) (Chin, J.) (denying motion where movant's "claim of ineffective assistance of counsel appear[ed] to be a backdoor attempt to attack his sentence").

[3] To be clear, the government is not suggesting that it would sit on its hands in the event a court were making a clear error that counsel recognized.  But, as explained in the Opposition and above, no errors occurred here, let alone errors so plain that they would have been recognized in real time.

3

entitle Porrazzo to any relief. "The remedy for a breached plea agreement is either to permit the plea to be withdrawn or to order specific performance of the agreement." *United States v. Brody*, 808 F.3d 944, 947 (2d Cir. 1986). Still, no such remedy is available "where the breach is minor and does not cause the defendant any meaningful detriment" because the defendant's "reasonable expectations were fulfilled." *United States v. Amico*, 416 F.3d 163, 168 (2d Cir. 2005) (internal quotation marks omitted). Here, the totality of the Court's comments demonstrate that it understood the scope of Porrazzo's conduct and fashioned his sentence accordingly. Porrazzo therefore cannot show that his reasonable expectations were unfulfilled, especially where the Court sentenced Porrazzo to a term of imprisonment at the very bottom of the Guidelines range that both parties agreed would apply when they signed the Plea Agreement. Finally, in his rush to malign the undersigned prosecutor (Reply at 23-24), Porrazzo glosses over the fact that a *different* Assistant U.S. Attorney—one who had no prior experience with the case—represented the government at sentencing. *See* Opposition Ex. 3. This fact again undercuts Porrazzo's false narrative of knowing and "ethically unmoored" conduct by the government, and even a cursory review of the sentencing transcript submitted with the Opposition would have revealed it. At bottom, there was no breach by the government, let alone a breach so severe as to merit the extraordinary remedy that Porrazzo now demands.

In sum, Porrazzo's transparent attempt to rip up the Plea Agreement should be denied. His claims of sentencing error are waived and, in any event, without merit.[4]

---

[4] Porrazzo's lengthy discussion of how the *Dost* factors are "fatally flawed," Reply at 27-34, misses the point because the arguments he tries to advance attacking his sentence are waived, *see* Opposition at 23-25; *supra* at 1-3. To the extent that these claims could be read as suggesting that Mr. Knox was ineffective for analyzing Porrazzo's conduct under prevailing Second Circuit law, such a claim would fail as well. *Cf. United States v. Gerow*, 349 F. App'x 625, 628 (2d Cir. 2009) (defense counsel's performance "was not objectively unreasonable in failing to anticipate the extension of [case law] or in failing to cite non-binding precedent from other jurisdictions") (citing

4

**B.       Porrazzo's New Factual Claims About His Counsel Are Not Credible**

Sifting through the thorough the declarations submitted by his former counsel with the Opposition for any daylight to exploit, Porrazzo tries to introduce new factual allegations into the record about Mr. Knox's and Ms. Drake's respective performances.  Porrazzo's self-serving and largely unsworn representations should not be credited.[5]

Porrazzo's new claims about Mr. Knox's performance should be rejected because they are misleading and contradicted by credible evidence.  In the Reply, Porrazzo alleges that Mr. Knox misrepresented to him the impact of stipulating to the applicability of U.S.S.G. §§ 2G2.2(c)(1) and 2G2.1(a)—which mandates the application of a higher base offense level where the defendant, *inter alia*, produces child pornography—by erroneously advising that the stipulation would result in only a three-level enhancement to Porrazzo's offense level.  Reply at 6-7.  But as Mr. Knox explains in his second declaration, these claims are not true.  Ex. 1 (Dec. 13, 2023 Declaration of James C. Knox, Esq.) ¶¶ 2-3.  What is more, Porrazzo's invocation of Mr.

---

*Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001) ("An attorney is not required to forecast changes or advances in the law."))).

To the extent that Porrazzo now tries to resuscitate his waived claims as ones sounding in actual innocence, Reply at 3, that attempt should also be rejected because he "may not rely on a claim of actual innocence to overcome the collateral-attack waiver in his plea agreement" where the record contradicts his new claim.  *Koehn v. United States*, 2018 WL 5299812, at *3 (W.D.N.Y. Oct. 25, 2018) (denying 28 U.S.C. § 2255 motion based on waiver); *see Hill v. United States*, 2018 WL 991791, at *4 (W.D.N.Y. Feb. 21, 2018) (same); *Paulino v. United States*, 2020 WL 2062192, at *6 (D. Conn. Apr. 29, 2020) (same).

[5] While Porrazzo suggests that his representations to the Court are sworn, Reply at 4, many of the new factual claims raised in his briefing are not made under penalty of perjury or under oath.  The only sworn statements submitted to the Court from Porrazzo were contained in his barebones form motion and amended form motion, Dkt. # 57; Dkt. # 59 at 2-9.  Where Porrazzo failed to support an allegation with a sworn statement, the Court should not consider it.  *See, e.g.*, *Puglisi v. United States*, 586 F.3d 209, 216-17 (2d Cir. 2009).

Knox's sentencing memorandum to support this claim is itself based on the Reply's selective and highly misleading quotation of Mr. Knox's argument in that document. *See id.* ¶ 3.[6] Porrazzo's insistence that Mr. Knox failed to advise him of the elements of 18 U.S.C. § 2251(a) as well as their bearing on the applicability of U.S.S.G. §§ 2G2.2(c)(1) and 2G2.1(a) is likewise belied by credible evidence. *See id.* ¶ 4. The Court can and should credit Mr. Knox's version of events instead of Porrazzo's self-serving, post hoc allegations and legerdemain.

Porrazzo's new claims about Ms. Drake's performance also ring hollow. Porrazzo now alleges that Ms. Drake did not advise Porrazzo that: (1) he would have one year from the Second Circuit's decision on his direct appeal to file a motion under 28 U.S.C. § 2255; (2) that the procedure under *Anders v. California*, 386 U.S. 738 (1967) would require Ms. Drake to file a brief analyzing all of his possible claims on appeal; (3) that the *Anders* procedure would afford Porrazzo the opportunity to file a *pro se* response to Ms. Drake's *Anders* brief on any issues that he believed the Second Circuit should consider; and (4) that the Second Circuit would conduct a full and independent review of the case before adjudicating Porrazzo's direct appeal. Reply at 35-36. To the extent that these claims were not addressed by Ms. Drake's initial declaration, she has submitted a second declaration explaining that she did in fact advise Porrazzo about each of the above-referenced issues. Ex. 2 (Dec. 10, 2023 Declaration of Jamesa J. Drake, Esq.) ¶¶ 2-3. The

---

[6] The Reply's comparison of the advisory Guidelines range for the base offense level applicable to child pornography possession cases (18 under U.S.S.G. §§ 2G2.2(a)(1)) to the final adjusted offense level in this case (37) for the proposition that stipulating to the applicability of U.S.S.G. §§ 2G2.2(c)(1) and 2G2.1(a) added 19 levels to Porrazzo's final Guidelines score, Reply at 6, is also misleading. This is because Porrazzo overlooks the fact that, as the PSIR found, U.S.S.G. § 2G2.2 contains numerous enhancements that brought his adjusted offense level under that section to 29. PSIR ¶¶ 42-51.

credible evidence in the record thus shows that Ms. Drake did not fail to advise on any issue pertinent to the withdrawal of Porrazzo's direct appeal.

Accordingly, Porrazzo's new factual claims about his counsels' respective performances should not be credited and do not entitle Porrazzo to any relief or a hearing. *See, e.g.*, *Stitsky v. United States*, 2018 WL 10741470, at *6 (S.D.N.Y. Oct. 25, 2018) (movant's "self-serving, post-conviction statements" contradicting other evidence did not create need for hearing because "'in most circumstances, a convicted felon's self-serving testimony is not likely to be credible.'") (quoting *Purdy v. Zeldes*, 337 F.3d 253, 259 (2d Cir. 2003)); *Berrios v. United States*, 2009 WL 2226757, at *3 (E.D.N.Y. July 23, 2009) (no hearing where movant's ineffective assistance claim was contradicted by affidavit from defense attorney).[7]

## II. THE DEMAND FOR ADMONISHMENT IS FRIVOLOUS

The Reply launches yet another unfounded ad hominem attack on the government's counsel. Rather than continuing to try to justify his misguided demand for disqualification, Porrazzo now asks this Court to admonish the undersigned prosecutor. *See* Reply at 38-39. He is wrong on the facts and does not even bother to explain how his latest effort to improperly personalize this proceeding is cognizable under the law.

First, Porrazzo claims that the government's cogent explanation for why describing the background of Porrazzo's "inmate assistant," Dr. Mark Hoeltzel, was germane to the Court's

---

[7] The fact that Porrazzo is now trying to walk back some of his earlier sworn allegations of misconduct by the government provides yet another reason not to credit his claims. For instance, in one of his initial filings, Porrazzo alleged under penalty of perjury that "[t]he prosecutor falsified the description of the video in court documents to satisfy the legal definition of child pornography." Dkt. # 59 at 6. But, after the government put the lie to this nonsensical claim, Opposition at 28, Porrazzo's Reply now says, "Rosenthal and Knox appear to dispel the primary allegation that Rosenthal mischaracterized the contents of the video," Reply at 38.

7

consideration of the government's motion for a privilege waiver was somehow "absurd," "nonsensical," and "no[t] reasonable." Reply at 38.[8] Putting aside its bluster, the Reply does not explain *why* that is the case. As discussed in the Opposition, the government included a description of the background of Porrazzo's inmate assistant for a proper purpose—*i.e.*, the information was relevant to the Court's consideration of the appropriate procedure for ordering a privilege waiver. Opposition at 33-35. Porrazzo's bald protests to the contrary do not change this commonsense conclusion.

Second, Porrazzo does not even attempt to muster legal support for his newly raised admonishment demand. A party seeking sanctions against an attorney under the Court's inherent authority for actions that the attorney took in representing a client must provide "clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000); *see United States v. Seltzer*, 227 F.3d 36, 40-42 (2d Cir. 2000); *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999). The Second Circuit has generally "interpreted the bad faith standard restrictively." *Eisemann*, 204 F.3d at 396. In other words, "[a]lthough both findings [lack of merit and bad faith] must be supported by a high degree of specificity, bad faith may be inferred only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (internal citations and quotation marks omitted). "Because of its potency . . . a court's inherent power" to impose

---

[8] While the government believes that reference to Dr. Hoeltzel is entirely appropriate, out of an abundance of caution, it has redacted his name from the service copy of this brief sent to Porrazzo as it did for the service copy of the Opposition.

8

sanctions "'must be exercised with restraint and discretion.'" *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 668 (2d Cir. 2021) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).

Here, Porrazzo fails to allege any plausible theory of misconduct, let alone misconduct supported by a high degree of specificity and leading to an inference of bad faith as is required. Nor could he—the undersigned provided relevant information to the Court in representing the government for the proper purpose of allowing the Court to make an informed decision on a significant issue. The undersigned's compliance with the various local rules requiring that copies of all cited unpublished authorities be served on a *pro se* litigant was not improper either. *See* Opposition at 33-34. In fact, and tellingly, Porrazzo's initial motion to disqualify argued that the undersigned improperly described Dr. Hoeltzel's conviction in an attempt to intimidate him by "outing" him as a sex offender to others in his prison. *See* Dkt. # 69 at 7-8. But the Reply now concedes that Porrazzo approached Dr. Hoeltzel for assistance "in part because [Dr. Hoeltzel] is a sex offender." Reply at 38 (emphasis in original). This admission demonstrates that Dr. Hoeltzel's history was known to at least Porrazzo, the only person in the prison who received copies of materials describing Dr. Hoeltzel's background. The demand for admonishment thus founders.

In sum, Porrazzo offers nothing more than invective and false claims in support of his suggestions that the government committed misconduct here. No misconduct occurred, at any time. The Court should reject this frivolous demand.

## **CONCLUSION**

For the foregoing reasons and those set forth in the Opposition, Porrazzo's motions should be denied in their entirety and without a hearing.

9

Dated: December 19, 2023               Respectfully submitted,

                                       CARLA B. FREEDMAN
                                       United States Attorney

                            By:        */s/ Joshua R. Rosenthal*
                                       Joshua R. Rosenthal
                                       Assistant United States Attorney
                                       Bar Roll No. 700730

10

## **CERTIFICATE OF SERVICE**

      I, Joshua R. Rosenthal, hereby certify that on December 19, 2023, I electronically filed the foregoing Government's Sur-Reply to Daniel Porrazzo's November 6, 2023 Filing with the Clerk of the District Court using the CM/ECF system and caused the same to be mailed to defendant/petitioner Daniel Porrazzo at his address on file with the Clerk of Court along with copies of all unreported cases cited therein.

      By:    */s/ Joshua R. Rosenthal*
                Joshua R. Rosenthal
                Assistant United States Attorney